IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3092-M

WILLIAM DOMONIC BULLARD,          )
                                  )
            Plaintiff,            )
                                  )
    v.                            )         ORDER
                                  )
JOHN DOE DOCTOR,                  )
CORRECTIONAL OFFICER ALLEN,       )
JOHN DOE CORRECTIONAL             )
OFFICER, and DR. DAVID W. BAKER,  )
III,                              )
                                  )
            Defendants.[1]        )

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on defendant Allen's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 29). Plaintiff responded in opposition. For the reasons discussed below, the court grants defendants' motion.

STATEMENT OF THE CASE

On April 1, 2021, plaintiff filed the instant action alleging defendants violated his civil rights. Plaintiff contends defendants were deliberately indifferent to plaintiff's medical needs, dispensed cruel and unusual punishment, and failed to intervene, in violation of the Eighth Amendment to the United States Constitution. (Compl. (D.E. 1) at 9).[2] Specifically, plaintiff alleges that, while being treated at UNC-Lenoir Memorial Hospital, doctors and correctional

---

[1] The court dismissed formerly-named defendant UNC-Lenoir Memorial Hospital on December 7, 2021.

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system.

officers held him down in order to provide medical care plaintiff stated he plainly refused. (Id. at 9–11). During the scuffle, the correctional officers failed to intervene, and one of the doctors broke plaintiff's wrist. (Id. at 10–11).

After conducting its initial review, the court allowed the action to proceed on February 28, 2022. On June 24, 2022, defendant Allen filed the instant motion to dismiss supported by the following: 1.) declaration of counsel; 3.) a letter from the Inmate Grievance Resolution Board; and 2.) four grievances that completed step three in the prison administrative process. On August 8, 2022, plaintiff responded in opposition.

## COURT'S DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); see also Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("[A motion to dismiss] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

"[I]n evaluating a Rule12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 679–80. However, the court will not consider "legal conclusions, elements of a cause of action, and bare

2

assertions devoid of further factual enhancement" or "unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd., 591 F.3d at 255 (quotation marks and citations omitted). "Nor must [a court] accept as true allegations that contradict matters properly subject to judicial notice." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). Although the court liberally construes pro se filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

B.   Analysis

As noted above, defendant Allen raises the affirmative defense that plaintiff failed to exhaust administrative remedies before commencing this action.

The Prison Litigation Reform Act ("PLRA") states, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

Failure to exhaust available administrative remedies is an affirmative defense that

3

defendants generally must plead and prove. See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017). When an inmate files suit prior to exhausting his administrative remedies, courts typically dismiss the action without prejudice. See Ford v. Johnson, 362 F.3d 395, 398, 401 (7th Cir. 2004). "Exhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies." Kitchen v. Ickes, 116 F. Supp. 3d 613, 624 (D. Md. 2015) (citing Neal v. Goord, 267 F.3d 116, 121–22 (2d Cir. 2001), overruled in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2001)), aff'd, 644 F. App'x 243 (4th Cir. 2016).

In the instant case, plaintiff acknowledges that he did not exhaust his administrative remedies. (Compl. (D.E. 1) at 12; Pl. Resp. (D.E. 37) at 1). Further, defendant Allen makes an undisputed showing that plaintiff failed to exhaust administrative remedies prior to filing his complaint. (Def's Ex. A (D.E. 30-1) at 4; Def's Ex B (D.E. 30-1) at 5–33). It is also undisputed that plaintiff has exhausted remedies for four grievances unrelated to the instant matter. (Def's Ex. A (D.E. 30-1) at 4; Def's Ex B (D.E. 30-1) at 5–33). Plaintiff argues that he thought he could not file a grievance because the incident occurred outside of the prison and did not involve North Carolina Department of Public Safety ("NCDPS") personnel. (Pl. Resp. (D.E. 37) at 1). Plaintiff also states he later tried to file a grievance, but it was rejected because it was not timely filed. (Id.).

Plaintiff's ignorance of grievance policy or law does not excuse his failure to exhaust administrative remedies. See Adams v. Sw. Va. Reg'l Jail, No. 7:12cv00462, 2014 WL 3828392, at *3 (W.D. Va. Aug. 4, 2014) (collecting cases), aff'd, 592 F. App'x 255; see also Napier v. Laurel Cty., Ky., 636 F.3d 218, 222 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."). Furthermore, plaintiff's belief that no

4

NCDPS personnel were involved are belied by his inclusion of prison correctional officers in the instant suit. (See Compl. (D.E. 1) at 7-8). Plaintiff also has not demonstrated that the grievance procedure was unavailable. See Ross v. Blake, 578 U.S. 632, 643–44 (2016) (providing circumstances when an administrative procedure is "unavailable").

Accordingly, the court finds plaintiff failed to exhaust his administrative remedies prior to filing the instant action, and the PLRA bars this action. See 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84–85.

## CONCLUSION

For the reasons discussed above, defendant Allen's motion to dismiss (D.E. 29) is GRANTED. Plaintiff's claims are dismissed without prejudice. The clerk is DIRECTED to terminate the pending motions as moot and close this case.[3]

SO ORDERED, this the 24th day of March, 2022.

RICHARD E. MYERS, II
Chief United States District Judge

---

[3] Where the motion to seal at docket entry 52 is terminated as moot, the documents at docket entry 51 will remain under seal but will not be considered by the court. See Local Civ. R. 79.2(b)(3).

5